**COMMUNITY PUBLIC SERVICE COM-
PANY, Appellant,**

v.

**Della Lee MEISSNER et al., Appellees.**

No. 4600.

Court of Civil Appeals of Texas.

Waco.

July 27, 1967.

Dawson, Dawson & Brown, Corsicana, for appellant.

Andrew Campbell, Hamilton, for appellees.

OPINION

TIREY, Justice.

The Community Public Service Company, a Texas corporation, has appealed from an order of the District Court of Hamilton County, overruling its plea of privilege to be sued in Tarrant County, the county of its residence. There was no jury, and neither side called for findings of fact and conclusions of law, and none filed.

The judgment is assailed on three points. They are substantially to the effect that the Court erred:

(1) In overruling the plea of privilege, because the undisputed evidence showed that Meissner voluntarily encountered a dangerous situation in the exercise of intelligent choice, and hence the defendant owed him no duty which would form the basis of a charge of negligence and proximate cause.

(2) In overruling appellant's plea of privilege because there was no evidence to support its implied finding of negligence and proximate cause.

(3) Because the implied findings of negligence and proximate cause are against the overwhelming weight of the evidence.

We sustain Point 2. If we could reach Point 3, it is our view that it should be sustained.

The facts are without dispute. Gene Meissner was an employee of the Gulf States Telephone Company and met his death while in pursuit of his business as an employee, on June 30, 1965. The death certificate showed that he was electrocuted. His widow brought the action on behalf of

herself and as guardian of the estate of their minor son, Roy Lynn. She went to trial on her original petition and her controverting plea. The original petition was attached to the controverting plea and made a part of it. In her original petition she alleged various acts of negligence on the part of the power company, and alleged that such negligence was the proximate cause of the death of her husband. Evidence was tendered to the effect that the appellant owned power lines on an easement along U. S. Highway No. 281, and that the wires carried 22,000 and 2,400 volts respectively. These lines extended through Hamilton County to Hico, and were constructed sometime prior to 1955. The telephone company maintained lines in Hamilton County along the same highway, and were constructed near the lines of the power company.

Meissner was a lineman employed by the telephone company and at the time of his death he was engaged with a crew of four, constructing additional lines for his company. At the time he met his death he was on or near the top of a telephone pole, the top of which was 3 or 3½ feet below the lowest line of the power company. It is the contention of the appellees that a part of Meissner's body, or some tool, or something he may have been working with, came in contact in some way with one of the power company's wires, and by reason thereof he sustained the shock that resulted in his death. Appellees further contend that the maintenance of the power company line at the time and place in question, constituted negligence and a proximate cause of the death.

The foreman of the crew with which Meissner was working, came to a place about a mile outside of Hamilton, in the afternoon, and before proceeding with their work they looked over the situation and understood what they were going to do. The foreman discussed with Meissner and the other members of the crew the procedure that was to be used in doing their job.

The telephone company had their lines strung on cross bars attached to about the top of the poles, and their purpose there that afternoon was to string an additional cable in which telephone lines were to be carried.

The power company also had its wires on poles, and they were adjacent and parallel to the telephone company's lines, and there was a distance of some 3 or 3½ feet between the top of the poles and the wires of the power line. It is not clear whether the power lines were perpendicular 3½ feet over the telephone lines or whether they were that distance on a horizontal basis.

Mr. Meissner, at the time of the accident, was at the top or near the top of the telephone pole, and another workman was on the pole some distance below him, the exact distance not given. The lines that Meissner was helping to string were electrically charged, and carried "about 96 volts DC."

The first notice that the foreman had of an accident was when the man working with Meissner hollered that "Meissner had been hit or shocked." The foreman was some 300 feet away, but he went immediately to Meissner, and when he got there Meissner was slumped against the pole. The foreman and the other workman removed Meissner as quickly as possible and tried to revive him, but failed.

The wires of the power company were uninsulated, and the foreman said that he and his crew were familiar with that situation; that you could see that the wires were uninsulated. The day was clear and visibility was good. The foreman did not measure the distance between the power lines and the place where Meissner was working, but he estimated that it was from 3 to 3½ feet away. There is an absence of testimony showing whether Meissner came in contact with appellant's lines. Nor is there any evidence showing that the cable which Meissner was helping to place on the telephone poles came in contact with the power

**764**

line. Nor is there any evidence to show that anything that Meissner had in his hand—tool or anything—came in contact with the power lines. There is an absence of testimony showing that the power company was negligent in the construction or maintenance of its power lines.

We have made a careful study of the record before us, and we see no facts or circumstances that tender an issue of negligence on the part of the power company in the maintenance of its line; nor do we find any fact or circumstance tendered that presents an issue of proximate cause.

Appellees rely on the provisions of Subsection 9a of Article 1995, Vernon's Ann. Texas Revised Civil Statutes to maintain venue in Hamilton County, and the pertinent part of the statute on which they rely reads:

"9a. Negligence—A suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred * * *."

It is our view, after a most careful consideration of the entire record, that the appellees have wholly failed to carry their burden of showing that the power company was guilty of negligence in the operation and maintenance of its power lines at the place in question that proximately caused the death of Meissner.

In view of the fact that this cause has to be tried on its merits, we refrain from further comment on the evidence; nor do we think it would be helpful to state or discuss any cases relating to this particular situation. Accordingly, this cause is reversed and rendered, and the District Clerk of Hamilton County is directed to follow Rule 89, Texas Rules of Civil Procedure, and send the papers to the District Clerk of Tarrant County, Texas.

Reversed and rendered.